IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:07-CV-157-BO

NANCY JACKSON BEST, Administrator )
of the Estate of Shaudria Barfield, )
 )
          Plaintiff, )
    v. )    O R D E R
 )
NATIONWIDE LIFE INSURANCE, )
COMPANY and NATIONWIDE LIFE )
AND ANNUITY INSURANCE )
COMPANY, )
 )
          Defendants. )
_____ )

This matter is before the Court on Defendants' Motion for Summary Judgment pursuant to FED. R. CIV. P. 56. Defendants Nationwide Life Insurance Company and Nationwide Life and Annuity Insurance Company (hereinafter collectively referred to as "Defendants") claim they are entitled to summary judgment because Shaudria Barfield ("Ms. Barfield") made a material misrepresentation in her application for life insurance concerning her criminal history. Plaintiff claims that whether the representation was material is a question of fact for the jury. For the reasons stated below, Defendants' Motion for Summary Judgment is GRANTED.

I.    SUMMARY OF THE INSTANT DISPUTE

The following facts are not disputed by either Plaintiff or Defendants:

Plaintiff filed this action in the Superior Court of Pitt County, North Carolina on July 3, 2007. Defendants were served with a summons and a copy of the complaint on August 24, 2007.

On September 21, 2007, Defendants filed a notice of removal to this Court pursuant to 28 U.S.C. § 1332. On October 5, 2007, Plaintiff filed a Response in Opposition to Notice of Removal essentially seeking remand of the case. Defendants filed a Memorandum in Opposition to Plaintiff's Motion to Remand on October 26, 2007. These motions remain pending.

On June 8, 2004, Ms. Barfield applied to Nationwide Life Insurance Company ("Nationwide Life") for a 20 year guaranteed term insurance policy in the face amount of $500,000.00, naming Larry D. Carter ("Carter"), her boyfriend, as the sole beneficiary. In the application, Ms. Barfield checked the box indicating that she had not been charged with a violation of any criminal law.

However, on April 10, 2004, two months prior to filling out the application, Ms. Barfield was charged with obtaining property by false pretense. This charge was still pending when she applied for the Nationwide life insurance policy ("the policy"). The application specifically states that "fraud or material misrepresentation in the application" will "invalidate this agreement and Nationwide's only liability is for the refund of any payment made." When Ms. Barfield applied for the policy, she paid $107.33, the amount of the first premium.

Less than a month later, Ms. Barfield was killed by Carter. At that time, the underwriting process had not been completed because Nationwide Life was awaiting Ms. Barfield's records from a hospital to determine whether to grant the policy. After Ms. Barfield's death, Deborah Jane Carpenter of the claims department conducted an investigation, during the course of which she discovered Ms. Barfield's criminal charge.

It is Nationwide's practice "to postpone consideration of any applicant who is currently charged with or awaiting trial for criminal activity until after their case has been fully tried in the

-2-

Case 4:07-cv-00157-BO   Document 23   Filed 10/16/08   Page 2 of 5

court system."[1] Ms. Barfield's case had not been fully tried in the court system at the time of her death.[2] Nationwide filed a Motion for Summary Judgment on May 15, 2008. Plaintiff filed a Response in Opposition to Defendants' Motion for Summary Judgment on June 6, 2008. This motion is now before the Court.

II.    MOTION FOR SUMMARY JUDGMENT

Defendants' Motion for Summary Judgment is GRANTED because Ms. Barfield's statement regarding her criminal history was both false and material. A district court should grant summary judgment where there are no genuine issues of material fact for trial.[3] North Carolina substantive law applies in this case because this Court has jurisdiction pursuant to 28 U.S.C. § 1332.[4] Under North Carolina law, an insurer may void a policy by showing that the insured made a representation in the application that was both false and material.[5]

First, there is no dispute that Ms. Barfield's statement that she had not been charged with any violation of criminal law was false. Ms. Barfield's application states that she had not been charged with any crime when, in fact, she had a criminal charge pending.

Second, Ms. Barfield's false statement that she had not been charged with any crime was

---

[1] Nationwide Underwriting Guidelines.

[2] This is apparent from the fact that Ms. Barfield's criminal file indicates that charges were dismissed because Ms. Barfield was deceased.

[3] FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

[4] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Limbach Company, LLC v. Zurich American Ins. Co.*, 396 F.3d 358 (4th Cir. 2005).

[5] *Goodwin v. Investors Life Ins. Co.*, 332 N.C. 326, 419 S.E.2d 766 (1992).

-3-

material because the ignorance of it influenced the judgment of the insurer in making the contract. A representation in an application for an insurance policy is material if the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract, in estimating the degree and character of the risk, or in fixing the rate of the premium.[6]

Ms. Barfield's failure to disclose her criminal history was material because no contract would have existed if she had not provided the false statement. Had Ms. Barfield disclosed her criminal history initially, consideration of her contract would have been postponed pending a final outcome in the courts. No final outcome was reached prior to her death, however, so no insurance policy, temporary or otherwise, would have been issued. Therefore, no contract would have been made if Ms. Barfield had answered honestly, making her false statement material.

In addition, had Ms. Barfield disclosed after filling out the application that she had been charged with a crime, Nationwide Life would have postponed consideration of her application until after the charge had been resolved, given her notice that the Temporary Insurance Agreement was terminated, and refunded her initial premium payment.[7] Therefore, had Ms. Barfield disclosed the truth, either during the application process or at some other time prior to her death, no insurance agreement would have existed.

III. CONCLUSION

Defendants' Motion for Summary Judgment is GRANTED because Ms. Barfield's

---

[6]*Goodwin*, 332 N.C. at 331 (citing *Tolbert v. Insurance Co.*, 236 N.C. 416, 418-19, 72 S.E.2d 915, 917 (1952)).

[7]See Affidavit of Eric W. Flender, paragraphs 6, 7 and 8, and Nationwide Underwriting Guidelines "Criminal Activity" (Defendants' Exhibits D and E).

-4-

statement regarding her criminal history was both false and material. Had Ms. Barfield disclosed the truth about her criminal history, she would not have had an insurance policy with Defendants at the time of her death. Defendants' only obligation under the contract was to refund the premium payment, which they have already done. Therefore, Defendants' Motion for Summary Judgment is GRANTED.

SO ORDERED, this __15__ day of October 2008.

TERRENCE W. BOYLE

UNITED STATES DISTRICT JUDGE